UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE RODRIGUEZ,

                Plaintiff,

                                MEMORANDUM & ORDER
    -against-                  17-CV-5099(JS)(AKT)

NASSAU COUNTY CORRECTION FACILITY
and NASSAU COUNTY SHERIFF,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jose Rodriguez, pro se
                     17002714
                     Nassau County Correctional Facility
                     100 Carman Avenue
                     East Meadow, New York 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

        On August 28, 2017, incarcerated pro se plaintiff Jose Rodriguez ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correction Facility ("the Jail") and the Nassau County Sheriff ("Sheriff" and together, "Defendants"), alleging that he has been denied daily access to the TTY phone machine while incarcerated at the Jail. (See Compl. ¶¶ IV, V, Docket Entry 1.) At the time Plaintiff filed the Complaint, Plaintiff filed an incomplete application to proceed in forma pauperis and an unsigned Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency dated August 29, 2017, Plaintiff was instructed to

complete and return the enclosed application to proceed in forma
pauperis and PLRA within fourteen (14) days in order for his case
to proceed.  On September 14, 2017, Plaintiff filed a complete
application to proceed in forma pauperis and a signed PLRA.  Albeit
untimely, the Court accepts Plaintiff's submissions.

Upon review of the declaration in support of the
application to proceed in forma pauperis, the Court finds that
Plaintiff is qualified to commence this action without prepayment
of the filing fee.  See 28 U.S.C. §§ 1914(a); 1915(a)(1).
Therefore, Plaintiff's request to proceed in forma pauperis is
GRANTED.  However, for the reasons that follow, Plaintiff's claims
against the Jail are DISMISSED WITH PREJUDICE and as against the
Sheriff are DISMISSED WITHOUT PREJUDICE.

## THE COMPLAINT[1]

Plaintiff's Complaint is submitted on the Court's Section
1983 Complaint form and is brief.  The Statement of Claim is a
total of three sentences:

> TTY phone I use tty phone machine in law
> library only Mon., Wed. nights.  I request I
> need to use TTY phone during talk to my
> family.  Also the reason why staff at the
> facility justify not allowing me the use TTY
> phone evening because they saying I am an

---

[1] The following facts are taken from Plaintiff's Complaint and
are presumed to be true for the purposes of this Memorandum and
Order.  Excerpts from the Complaint as reproduced here exactly as
they appear in the original. Errors in spelling, punctuation,
and grammar have not been corrected or noted.

escape risk which I am not.

(Compl. ¶ IV.) In the space on the Complaint form that calls for a description of any claimed injuries, Plaintiff alleges that his "[f]amily [is] suffering because I can't speak to them. This is my only communication." (Compl. ¶ IV.A.) For relief, Plaintiff "would like to use TTY phone 7 days a week just like the general population." (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(I)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537

F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678; <u>accord</u> <u>Wilson v. Merrill Lynch & Co.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

III. <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, 566 U.S. 356, 361, 132

S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claims Against the Jail

Plaintiff's claims against the Jail are not plausible because it has no independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Trahan v. Suffolk Cty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."). Thus,

Plaintiff's claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B.  <u>Claims Against the Sheriff</u>

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in <u>Iqbal</u> that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." <u>Rivera v. Fischer</u>, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. <u>Johnson v. Barney</u>, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's sparse Complaint does not include any factual allegations sufficient to demonstrate personal involvement by the Sheriff regarding the events alleged in the Complaint. In fact, apart from the identification of parties at page three, the

Sheriff is not again mentioned in the body of the Complaint. (See generally, Compl.) Thus, it appears that Plaintiff seeks to impose liability against the Sheriff solely based on the supervisory position he holds. Wholly absent, however, are any allegations sufficient to establish any personal involvement by this Defendant in the alleged conduct of which Plaintiff complains. A supervisor cannot be held liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, Plaintiff's claims against the Sheriff are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

C. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defect in Plaintiff's claim against the Jail is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against the Jail is DENIED. However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against the Sheriff and/or any proper Defendant. Any Amended Complaint shall be clearly labeled "Amended

Complaint", shall bear the same docket number as this Memorandum and Order ("M&O"), 17-CV-5099(JS)(AKT), and shall be filed within thirty (30) days from the date of this M&O. Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail and WITHOUT PREJUDICE as against the Sheriff for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT within thirty (30) days from the date of this M&O.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November __30__, 2017
Central Islip, New York